IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| In re: | ) | Case No. 20-50362 |
| | ) | |
| SYBIL LEE CHRZAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Hoffman |
| | ) | |

### MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CHAPTER 7 CASE AND MEMORANDUM IN SUPPORT

The United States Trustee ("U.S. Trustee") hereby moves the Court for an order dismissing the above-entitled case based on the provisions of 11 U.S.C. §§ 707(a) and 727(a)(8), because the Debtor filed this bankruptcy petition even though the Debtor was granted a discharge in a case commenced within eight years before the date of filing the petition in this case.   Pursuant to FED. R. BANKR. P. 4004(c)(1)(D), the discharge of the Debtor is stayed pending the conclusion of this Motion.

Dated:   February 7, 2020         ANDREW R. VARA, UNITED STATES TRUSTEE
FOR REGIONS 3 AND 9

*/s/ Pamela Arndt*
Pamela Arndt (0068230)
U.S. Department of Justice, U.S. Trustee Program
170 North High Street, Suite 200
Columbus, OH   43215
Telephone:   (614) 469-7411 ext. 228
Facsimile:   (614) 469-7448
Email:   Pamela.D.Arndt@usdoj.gov
*Trial Attorney for the U.S. Trustee*

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

The United States Trustee's request for dismissal of this Chapter 7 case is made pursuant to his supervisory duties as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to dismiss a Chapter 7 case for "cause" under 11 U.S.C. § 707(a).   The U.S. Trustee asserts this case should be dismissed because the Debtor received a discharge in a case commenced within eight years before the date of filing the petition in this case. Therefore, the U.S. Trustee requests that this case be dismissed.

### II. SUMMARY OF FACTS

The Debtor filed this Chapter 7 case, Case No. 20-50362, on January 23, 2020 (Docket No. 1).   However, the Debtor filed a prior Chapter 7 bankruptcy, Case No. 16-52276, on April 7, 2016, and received a discharge in that case on August 16, 2016 (Docket No. 26).

Debtor's actions in the instant case repeat the same basic pattern undertaken by Debtor in five prior filings made within the past 5 years.   For the court's convenience, the U.S. Trustee created the following chart regarding Debtor's recent filing history before the bankruptcy court in the Southern District of Ohio:

| Case No. | Name | Date Filed | Date & Disposition |
|---|---|---|---|
| 15-54120 | Sybil Lee Chrzan | 06/23/15 | Dismissed 1/5/2016 – confirmation denied (DN 44)(Ch. 13) |
| 16-52276 | Sybil Lee Chrzan | 04/07/16 | Discharged 8/16/2016 (DN 26)(Ch. 7) |
| 17-57786 | Sybil Lee Chrzan | 12/7/17 | Dismissed 1/10/2018 per 11 U.S.C. §521(i)(1) (DN 25) (Ch. 13) |
| 18-53411 | Sybill Lee Chzran | 05/30/18 | Dismissed 7/20/2018 per 11 U.S.C. §521(i)(1) (DN 25) (Ch. 13) |
| 19-54500 | Sybill Lee Chrzan | 07/11/19 | Dismissed 7/30/2019 per 11 U.S.C. §521(i)(1) (DN 15) (Ch. 7) |

2

## III. CAUSE EXISTS TO DISMISS THIS CASE UNDER 11 U.S.C. § 707(B)(3)(A)

11 U.S.C. § 707(b)(3) provides, in pertinent part, that in considering "whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption . . . does not arise or is rebutted, the court shall consider -

> (a) whether the debtor filed the petition in bad faith; or

> (b) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."

### A.  Bad Faith

Under § 707(b)(3) the first test is whether "the debtor filed the petition in bad faith."   The Code does not define "bad faith."   The bankruptcy court in *In re Mitchell* crafted a test to determine if bad faith exists under § 707(b)(3)(A) by "borrowing from the Ninth Circuit's 'substantial abuse' test and from the bad faith criteria applicable to Chapter 11 and Chapter 13 cases."[1]   Using this approach, the court "must evaluate whether, in light of all the relevant facts and circumstances, it appears that the debtor's intention in filing a bankruptcy petition is inconsistent with the Chapter 7 goals of providing a 'fresh start' to debtors and maximizing the return to creditors."[2]

Under § 707(b)(3)(A) a "bad faith filing" is defined as "[t]he act of submitting a bankruptcy petition that is inconsistent with the purposes of the Bankruptcy Code or is

---

[1]  *See, In re Mitchell*, 357 B.R. 142, 154 (Bankr. C.D. Cal. 2006).

[2]  *Id.* at 154-155. Factors considered by the *Mitchell* court to be of primary importance were:

> (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present.

*Id.*

3

an abuse of the bankruptcy system (that is, by not being filed in good faith)."[3]   A bad faith filing need not involve any "dishonest or nefarious act on the part of the debtor, such motivation or intent is not necessary."[4]   For purposes of § 707(b)(3)(A) "bad faith may be found to exist when it is determined that the filing of the case is inconsistent with the Bankruptcy Code or its policies thereunder, even though the filing may otherwise be lawful."[5]

### B. Totality Of The Circumstances

Prior to the BAPCPA, a debtor's conduct had to rise to the level of "substantial abuse" for dismissal to be proper.   See, e.g. *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), and *In re Behlke*, 358 F.3d 429 (6th Cir. 2004).   The BAPCPA lowered the standard and permits a court to dismiss a debtor's case when the totality of the circumstances demonstrates "abuse".[6]   Abuse can be premised upon either a lack of honesty or want of need.[7]   Many factors are relevant to ascertain a debtor's honesty. Whether a debtor engaged in eve of bankruptcy purchases, or was forced into a Chapter 7 bankruptcy by unforeseen or catastrophic events are among those factors.[8]

### C. Dismissal of This Case Is Justified under 11 U.S.C. § 707(B)(3)(A)

Dismissal of Debtor's case is warranted under 11 U.S.C. § 707(b)(3)(A) because Debtor's actions in this case and all prior cases evidence that the filings and subsequent dismissals are part of a pattern and scheme to frustrate and delay creditors, as well as abuse the bankruptcy system.[9]   Many of the *Mitchell* factors are unknown because Debtor repeatedly failed to file schedules or other documents in the five prior cases. What we do know is that at least two of the *Mitchell* bad faith factors are present:   (1) whether the debtor has a history of bankruptcy petition filings and case dismissals; and (2) whether egregious behavior is present.

---

[3] *In re Webb*, 447 B.R. 821, 824 (Bankr. N.D. Ohio 2010) (citations omitted).

[4] *Id.* at 824.

[5] *Id., citing In re Hageney*, 422 B.R. 254, 259-60 (Bankr. E.D. Wash. 2009).

[6] 11 U.S.C. § 707(b)(3).

[7] *Id.*

[8] *Id.*   See also, *In re Lamanna*, 153 F.3d 1 (1st Cir. 1998), which case and factors were referenced by Congress when enacting BAPCPA.

[9] To file a Motion to Dismiss under § 707(b)(3)(A), the Debtor's debts must be primarily consumer.   The Debtor has not yet filed Schedules;   however, the Petition states that the debts are primarily consumer and as such, dismissal under § 707 is permissible.

Debtor's ongoing pattern of filing bankruptcy cases but never filing requisite schedules and other documents represents egregious behavior because he is causing unreasonable delay in the process, frustrating the court, the trustees, and her creditors. Debtor continually engages the mechanism of this Court for the sole purpose of frustrating creditors and other parties in interest, which causes unnecessary costs to be incurred, and is an undue burden on the court's limited judicial resources. Additionally, Debtor's failure to file the certificate of pre-bankruptcy credit counseling is in violation of 11 U.S.C. §§ 109(h) and 521(b)(1).

Accordingly, this case warrants dismissal under 11 U.S.C. § 707(b)(3)(A) for bad faith based upon Debtor's actions and inactions to date by failing to prosecute this bankruptcy case and seven prior bankruptcy cases.

## IV.    CAUSE EXISTS TO DISMISS THIS CASE

Section 707(a) permits bankruptcy courts to dismiss Chapter 7 cases for cause and provides a non-exhaustive list of examples of cause. Specifically, § 707(a) provides:

(a)    The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –

   (1)    unreasonable delay by the debtor that is prejudicial to creditors;

   (2)    nonpayment of any fees or charges required under Chapter 123 of title 28;   and

   (3)    failure of the debtor in a voluntary case to file ... the information required by paragraph (1) of section 521...11 U.S.C. § 707(a).

The word "including" in § 707(a) is not meant to be limiting and the subsections of § 707(a) are intended to be illustrative and not exhaustive of the grounds for "cause" for dismissal.[10]   Because "cause" is not defined in § 707(a), the determination of cause rests within the sound discretion of the bankruptcy court.[11]

Under 11 U.S.C. § 727(a)(8) an individual debtor may receive a Chapter 7 discharge once every eight years. The facts of this case justify the denial of a discharge because the Debtor received a Chapter 7 discharge in a case commenced within eight years before the date of the filing of the present Petition. The applicable eight year

---

[10]  *In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991); *In re Capacity*, 172 BR. 37, 39 (Bankr. E.D. Ark. 1994); *In re AB.-MB Joint Venture*, 153 BR. 338, 342 (Bankr. N.M. 1993).

[11]  *In re Cecil*, 71 BR. 730, 734 (W.D. Va. 1987).

period is determined from the commencement of the prior case to the commencement of the present case.[12] Cause therefore exists to dismiss this case.

This case was filed on January 23, 2020. In Case No. 16-52276, which was filed on April 7, 2016, the Debtor received a Chapter 7 discharge on August 16, 2016. Accordingly, the Debtor is not entitled to a discharge in the current case under § 727(a)(8) because it was filed less than eight years from the filing of the 2011 case. Cause therefore exists to dismiss this case under 11 U.S.C. § 707(a).

## V. CONCLUSION

The United States Trustee has established a *prima facie* case that Debtor is not entitled to a discharge in this case. Therefore, this case should be dismissed for cause.

WHEREFORE the U.S. Trustee respectfully requests that this Court dismiss this case for cause under 11 U.S.C. § 707(a), and any other and further relief as this Court deems appropriate.

Dated:    February 7, 2020          ANDREW R. VARA, UNITED STATES TRUSTEE
                                    FOR REGIONS 3 AND 9

                                    */s/ Pamela Arndt*
                                    Pamela Arndt (0068230)
                                    U.S. Department of Justice, U.S. Trustee Program
                                    170 North High Street, Suite 200
                                    Columbus, OH   43215
                                    Telephone:   (614) 469-7411 ext. 228
                                    Facsimile:   (614) 469-7448
                                    Email:   Pamela.D.Arndt@usdoj.gov
                                    *Trial Attorney for the U.S. Trustee*

---

[12] *See, In re Hiatt*, 312 B.R. 150, 152 (Bankr. S.D. Ohio 2004) ("The fact that the conversion to chapter 7 in this present case occurred more than six years after the commencement of the prior chapter 7 case is not legally relevant to the calculation of the six year period under 11 U.S.C. § 727(a)(8)."). *See also, In re Sanders*, 551 F.3d 397, 2008 WL 5386525 (6th Cir.)("[S]tarting point for ... limitation period for debtor who previously received discharge 'in a case filed under' Chapter 7 is date of filing of Chapter 7 petition, not date of discharge received in Chapter 7 proceeding.").

## CERTIFICATE OF SERVICE

I hereby certify that on or about February 7, 2020, a copy of the foregoing MOTION TO DISMISS CHAPTER 7 CASE AND MEMORANDUM IN SUPPORT was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

Sybil Lee Chrzan
9186 Indian Mound Court
Pickerington, OH 43147


NO CREDITOR MATRIX


*/s/ Pamela Arndt*
Pamela Arndt